May it please the Court, I'm Erin Greene-Kamate here on behalf of Plaintiff Appellant Randy Nunez. I'd like to reserve two minutes for a rebuttal if time permits and I will watch the clock. Two reversible errors were committed by the District Court in granting Saks' motion to dismiss. First, the District Court held that the plaintiff lacked standing to represent a putative class. Under Melendrez v. Arpaio, the District Court never should have reached this issue. The District Court impermissibly conflated standing with class certification requirements. Melendrez says that once a named plaintiff establishes his individual standing, that the standing inquiry is concluded. Whether the plaintiff can represent a class of others with similar but perhaps not identical interests is reserved for class certification and analysis of Rule 23 typicality and adequacy requirements. Does it matter whether you're seeking injunctive relief or damages under Melendrez? Your Honor, I don't think that it does. There are two consumer class action contexts. District Courts have done that. They may have been right and they may have been wrong. That's why we're here. Melendrez was an injunctive relief case? Yes, it was, Your Honor. Isn't it a little different to say, look, we want the sheriff to stop doing bad things and the fact that he's doing bad things to people in different circumstances shouldn't deprive one of the people to whom he did bad things from having standing than it is in a damages case? Well, Your Honor, we are seeking both damages and injunctive relief. Right, but as I'm forking on your damages claim. I don't think it is different. We're still saying Saks is doing bad things and we want it to stop and because of these bad things, we're entitled to damages and restitution. In Melendrez, it was a discriminatory practice and the court held that the context in which the practices were occurring was not relevant to whether there was standing to represent a class. Okay, so assume you're right and that the judge made a mistake of dismissing the class claims for that reason. I forgot what the judge did in this case. As to your merits claims, if there is sufficient particularity. Let's assume you have. I think you have. Is that all we need to say? Is it that they're pledged with sufficient particularity and not address whether or not they state a claim or do we have to move on to the question of whether they state a claim? In other words, I think your pleading is very particular. It describes all the things that you think make up the cause of action and it does it in great detail. So I have no idea why the judge was relying on 9B, but do I also have to decide that those facts that you've alleged together state a claim or do I just have to tell the district judge the 9B ruling was an error? Well, your honor, I think the court can address Rule 12B-6 and whether we've stated a claim. I would submit that we have. But the judge never decided that. The judge did not decide it. I think that the court can just stop and say that 9B is satisfied, reverse the district court's holding on both counts and remand for further proceedings. Why do you state a claim? There are a number of cases. I mean under even Rubenstein v. Neiman Marcus, the court, this court held that very similar argument and similar allegations also stated a claim. The district court didn't even cite Rubenstein v. Neiman Marcus. There are innumerable district court cases that the district court could have followed where we've alleged a deceptive practice that has deceived and misled both the plaintiffs and reasonable consumers under the UCL, FAL, and CLRA. We believe that that's sufficient to state a claim. I will mention as to the standing issue that the majority of courts have held that plaintiffs can represent a class of purchasers of other products in Bronco v. Nordstrom. The district court explained that where misrepresentations and products are similar, bear a substantial similarity, that a plaintiff can represent a class of other purchasers. And where the products, the composition of the products is not relevant to the case, such as here, because we're talking about a uniform price tag, that it's the similarity of the misrepresentations. And I would refer the court to the Sachs vendor manual that cited in the complaint that indicates that the merchandise comes to Sachs office from the vendor, pre-labeled with the discount price, and therefore the price tags are similar across all products. Aren't they manufactured especially for Sachs? We do allege that, Your Honor, at paragraphs 2 and 21, that they're not coming from anywhere other than the Sachs vendor. So there is no market price. There is no market price. What if it said compare at? If it said compare at, the cases hold that that also can be held to be deceptive. That is... I suppose if it said that, maybe you'd need more particularity in your complaint because you'd have to say that... You'd have to do some comparisons. Here you have a nice easy one because you can say there is no market price. Correct. And, Your Honor, Rubenstein v. Neiman Marcus was a compare at case. Several of the district court cases, Sperling v. Steinmart were compare at cases. And those cases easily found that even compare at is deceptive, particularly in the context of what we call... The case law has distinguished between exclusive product cases and non-exclusive product cases, where a product is made exclusively for the outlet store and there is no other market. Whether the terminology is market price or compare at, it's that there's no market for the comparison to be made and the claim is actually false. In other cases, for instance, defendant-sided case Sperling v. DSW, which is a non-exclusive product case, there is a market. The product is sold at other retailers. It's a non-exclusive retailer. And so there is a market to compare the retail or the advertised reference price to. I liken it to a pair of Nikes may be sold in multiple stores. And so a reference to a market price may lead a consumer to believe that, oh, okay, we'll wear it. That's a separate question on the standing, which is, did you allege in this 30-minute complaint anywhere that your client would buy a Saks Branded item in the future if the sales stickers read something differently? He does allege at paragraph 38 that he would like to shop at Saks Fifth Avenue in the future. But that's not what Judge Woyle asked you. Judge Woyle asked, did he allege that he would buy things there if their pricing were different? I think that, of course, this complaint was filed several years before this Court's guidance in Davidson v. Kimberly-Clark. And at that time, he alleged that he would shop at Saks again. I think the inferences that can be drawn from the totality of the complaint is that the plaintiff is a bargain shopper. He analyzes price tags, and he wants to get a good deal. He's alleged that he would like to shop at Saks in the future, that Saks is continuing to mislead. And so I think drawing inferences in plaintiff's favor, he has alleged. See, that's why I was trying to separate your failure to state a claim point from the 9B point. The judge didn't say you failed to state a claim. He just said you didn't plead it with particularity. I think to state a claim, you'd have to allege what Judge Wardlaw is now saying. Maybe you could do so, or maybe you have done so. Or maybe you would have to amend it. Amend to do it. Did he deny leave to amend because it was the judge denied leave to amend because it was the third amended complaint? He did not. It was our second opportunity to have the merits of the case tested. So there was one other prior motion to dismiss decision, and then this one. And the judge simply agreed. This must have been with prejudice. It was with prejudice, Your Honor. Otherwise, you wouldn't be here. Correct. All right. Thank you. My time has expired. Thank you. Thank you. May it please the court, my name is Colin Waddell from Sidley, Austin on behalf of the Appellee Sachs Incorporated. I'd like to begin this morning by addressing an issue that did not come up in my colleague's argument, but that I think is vital, which is plaintiff's lack of individual standing to bring this claim. Before I address some of the 9B and 10C that Your Honor's raised, the Supreme Court has made it clear that a plaintiff cannot manufacture standing merely by inflicting harm on themselves. That's a direct quote from the Clapper case. The complaint here makes it clear that that is exactly what Mr. Nunez did. Mr. Nunez investigated two Sachs stores for a period of 5 months before making his purchase. Did Mr. Nunez do that or did his counsel do that? Mr. Nunez did that. That is clear on the face of the complaint. I would invite Your Honor, I've read the complaint and I'm not sure I find it clear on the face of the complaint. So tell me where. Okay. Excerpts of record at pages 20 through 24, there is a section in the complaint that begins in the bolded letters, plaintiff's investigation. It then goes on in paragraphs 28, 29, 31, 32 to use the phrase plaintiff's investigation seven times. And my question is, do I read that as necessarily saying the plaintiff himself did it or people on his behalf did the investigation? See, look, here's my suspicion of what happened in this case. What happened in this case is the plaintiff's lawyers did an investigation and then found a plaintiff. And I think that's consistent with both practical experience and the allegations of the complaint. Assuming that's what was alleged, that would not deprive him of standing, would it? It would, Your Honor. If the plaintiff's lawyers went out and did an investigation of Sachs and then ran across a plaintiff who was willing to bring the case, who had not done his own investigation, your position is it would be dismissible? Not in the way that you posed your hypothetical, but that's not what happened. Okay. So why isn't the complaint consistent with that? And because the district court didn't rule on that basis, if you'd raised, if the district court had ruled on that basis, we'd know what he thought. But we don't. District court didn't rule on that basis, did it? The district court did find that plaintiff lacked individual standing. The district court did not say the plaintiff lacked standing because he manufactured his injury, correct? That is correct. District court, you raised that issue below, I take it? We did at further excerpts of record, page 36. And the district court declined to rule on it? Correct. And so now you're asking us to rule on it in the first instance based on allegations in the complaint, which I can reasonably read as saying his agents, which is to say the attorneys, did that investigation. So I'd move on to another issue if I were you. May I address why plaintiff's counsel's investigation still deprives him of standing, Your Honor? Which is here, this is not a lawyer that went out and found a client. The word counsel's investigation only appears once in the operative complaint at paragraph 33. Here, we know from Mr. Nunez's prolific litigation history that the same California Consumer Protection claims from 2013 to the present. You can see that in our brief at page 21. In the Best Buy case, he brought a lawsuit about an original price representation. See, but this gets back to the point I raised with your friend, and this is why I want to stay away from whether or not this complaint states a claim. It's not what the district judge said. The district judge said this complaint doesn't state a claim because you didn't plead with particularity and because you lacked standing to raise a claim on behalf of everybody else. If those rulings are wrong, then you can go back to the district judge and make this argument. You can make the other arguments, but to ask us to do it for the first time on appeal with the first half of your argument time doesn't strike me as the most fruitful way to pursue this case. Understood, Your Honor. I will move to the Rule 9b issues, but I do submit that the counsel's investigation here under California law, the counsel's investigation is imputed to a current client, and Mr. Nunez inarguably was a present client of this counsel, so their knowledge of any deceptive... And that appears on the face of the complaint? It's either plaintiff's investigation or counsel's investigation. Okay, no, I'm asking whether or not it appears. You want to continue to argue this issue, let's talk about it. Does it appear on the face of the complaint that he was a current client when the investigation was done? No, it's a judicially noticeable fact. And this is a motion to dismiss, is it not? It is, but it's jurisdictional and that is a judicially noticeable fact that we cite in our brief at page 21. But I'm happy to move to the Rule 9b issues, which is here, this case is very different from the other original pricing cases that plaintiff cites in his complaint and in the briefing on appeal. This case is about a market price representation. And Your Honor asked earlier about the compare at. I would argue that market price is clearer than a compare at because it is not a representation of a former price. It is not a representation of an original price. It is a representation about what others in the market would charge for similar products of like grade and quality. And this Court has already held in the Sperling case that comparative representations are not inherently deceptive. And plaintiff has not cited a single case that has found that a market price representation was deceptive. There's no allegation here that the market price representation on our products was not a fair comparator to what other products were being sold for. But there's an allegation it was never sold at that price. The allegation is that Sachs never sold that particular type of cheese. But doesn't market price suggest you're talking about this item, not similarly constructed items by other people? That's what compare at means. Compare at means compare it to some other product and you'll see that it costs you less. This says the market price is a price at which this product is never sold. Why would anyone put the market price on except to convey that the item being sold is valued more elsewhere than what you are paying for it here? I think the idea, Your Honor, is that the shoes that are being purchased here at Sachs are of a quality that would be similar to those that other retailers sell for a higher price. This is an outlet store. And I would direct Your Honors to two sources. The Rubenstein case, which my colleague raised at argument, and the FTC guidelines. To start with the Rubenstein case, that case, as they mentioned, was an exclusive products case. It was about two products only sold at Neiman Marcus. And this court found it dispositive that the complaint in that case did two things. One, it alleged that those products were never sold at Neiman Marcus for that price. That's what plaintiff does here. But also it was critical that they also alleged, and I will quote, that similar products were not being sold for the compared at price at the time of her purchase in the area of the store. So this court has already looked at that idea of a broader area. And I think the FTC guidelines are consistent with that. Let's go back to what the judge actually ruled on. And that's my problem here. It's the reason I gave your friend some questions about this. The judge said the allegations weren't particular enough. That's the judge's basis for dismissing the claims. What's... what... what... what particularity is lacking in these allegations? Your Honor, obviously under Rule 9b, it's the who, what, when, where, why, how. And here's the why and how. Let's assume they gave you all the who, what, where, when, when, how. Because I think they did. You're saying when you put all that together, it doesn't state a claim. But that's not what the judge said. The judge said you should have told me more. And I'm... I'm at a loss to figure out what more Mr. Nunez could have said. Two answers to that, Your Honor. One, this is the issue of the why. That's how this Court addressed the Rule 9b issue in the Davidson case, in the Iñoho's case, that why something is deceptive under Rule 9b often merges with 12b-6 issues. Well, he said why. He said it's deceptive because you don't actually sell this product at that price. That may not state a claim, but he said it. There's a why there. Well, and you also say there is the element here, the additional element of, you represent that there's 44% savings, which necessarily implies it's savings over something that's actually being sold at that price elsewhere, presumably Sachs. Not presumably Sachs, Your Honor, and that's why the why is lacking. So I'm a reasonable consumer who shops at Sachs regularly. That's how I would read it. It's just the... plaintiff, if you're not trying to convey to the reasonable consumer that they're getting a savings because elsewhere it's being sold at this other price that's higher. Well, let me direct you to the FTC guidelines, which I think provide an answer to that question. And plaintiff himself relies on the FTC guidelines as a basis for why he thinks this is misleading. That's at excerpts of Record 29 and 30, except plaintiff relies on the wrong section of the FTC guidelines. 16 CFR 233.2 addresses the pricing representations that are at issue in this case. And the FTC, and to quote, it is a comparison with other merchandise of essentially similar quality and obtainable in the area. And the FTC provides an example that is squarely on point. It talks about a retailer that would like to sell brand X pens and advertise them for a price that the retailer believes is comparable to the price of other products of quote, like grade and quality. And it permits those representations so long as, and this is a quote, a reasonable number of principal outlets in the area are offering brand Y, an essentially similar pen, for that price. So the FTC guidelines... We're talking about California law. What do you make of the California Business and Profession Code Section 17501 and how that applies to this case? I see that I've run out of time, but I'm happy to answer your question, Your Honor. Of course you may. That provision, the way I read it, is that it is a safe harbor for retailers who are trying to advertise something that is an original price and it allows them to make a representation about a former or original price so long as that price was the prevailing market price in the area for 90 days before purchase. So if that's a safe harbor, then if the opposite isn't true, then doesn't it suggest California law would prohibit it? Doesn't it suggest... Sorry? You don't fit in the safe harbor, right? We do. Our products were the market price for the 90 days before the purchase. That's my point, is that this is not a former price. So your argument is because the market price was really the price at which you charged for the shoes. No, Your Honor. The market price was the price that we advertised the market price to be. The point is we never made a representation about a former price, and that was 17501. But my question is sort of by negative inference, if you don't fit in the safe harbor under the California statute, isn't there a cause of action? I don't think so, Your Honor, because the FTC guidelines far more squarely address... But the FTC guidelines don't control. This is a California cause of action. They do not control, but they certainly provide a reasonable basis as referenced by the plaintiff's complaint for what a reasonable consumer would expect. They don't address a representation about a market price. The FTC guidelines directly address representations about prices charged for other products in the area. Well, the California Civil Code Section 1770 makes it illegal to make a false or misleading statement of fact concerning reasons for existence of or amounts of price reductions. Don't you think this market price, your price, 44 percent savings falls within that? No, Your Honor, I don't. And again, there's no allegation that the market price representation on our products is not an accurate reflection of what other retailers are selling business casual men's shoes for. The plaintiff is instead trying to fit the square peg of a market price into the round hole of a former price, and their complaint is limited solely to the idea that Mr. Nunez, a prolific serial litigant who fully is aware of California consumer protection laws, misunderstood... I don't think it's relevant. I mean, I wish you wouldn't impugn the plaintiff or the firm. It's not impugning him, Your Honor. Well, it is to me, so it's irrelevant whether the facts as alleged... It's relevant that he understands how the consumer protection laws work. Well, but the judge did not base his decision in this case on Mr. Nunez being a serial litigant. The judge said, you didn't tell me. That's what I find so problematic about this case. If the judge granted a Rule 12b6 motion to dismiss, you could both be here arguing about why the judge has stated a claim. I know. You can raise it on appeal, but I like district judges to have a first shot at ruling stuff. The problem here is the judge said, you didn't tell me enough. And I'm just having a very hard time figuring that out. Your arguments may have merit, but I'm not sure why we should address them in the first instance. I understand, Your Honor. The district court did incorporate by reference the earlier motion to dismiss order at Excerpts of Record 2, Note 1, and there was a moving target of a complaint, but I agree it could have been clearer. Thank you, Counsel. Thank you, Your Honor. I don't believe you had any time left, so Nunez v. Sachs will be submitted.
judges: Wardlaw, Hurwitz, Korman